**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO, TENNESSEE CONSOLIDATED RETIREMENT SYSTEM, SJUNDE AP-FONDEN, FJÄRDE AP-FONDEN, PENSIONSKASSERNES ADMINISTRATION A/S, Individually and On Behalf of All Others Similarly Situated, <br><br>                     Plaintiffs, <br>   v. <br><br>CITIGROUP INC., CHARLES O. PRINCE, SALLIE L. KRAWCHECK, GARY L. CRITTENDEN, TODD S. THOMSON, ROBERT DRUSKIN, THOMAS G. MAHERAS, MICHAEL STUART KLEIN, DAVID C. BUSHNELL, JOHN C. GERSPACH, STEPHEN R. VOLK, GEORGE DAVID and KPMG LLP, <br><br>                     Defendants. | No. |
| TILLIE SALTZMAN, Individually and On Behalf of All Others Similarly Situated, <br><br>                     Plaintiff, <br>   vs. <br><br>CITIGROUP INC., CHARLES O. PRINCE, ROBERT E. RUBIN, STEPHEN R. VOLK, SALLIE L. KRAWCHECK, GARY L. CRITTENDEN and ROBERT DRUSKIN, <br><br>                     Defendants. | Electronically Filed <br><br>No. 1:07-cv-9901(SHS) <br><br>ECF CASE |
| LENNARD HAMMERSCHLAG, Individually, and On Behalf of All Others Similarly Situated, <br><br>                     Plaintiff <br>   v. <br><br>CITIGROUP INC., CHARLES PRINCE, SALLIE KRAWCHECK, and GARY CRITTENDEN, <br><br>                     Defendants. | Electronically Filed <br><br>No. 1:07-cv-10258(SHS) <br><br>ECF CASE |

**THE GLOBAL PENSION FUNDS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO REQUIRE RELATED PARTIES
TO PRESERVE DOCUMENTS AND OTHER EVIDENCE**

Andrew J. Entwistle, Esq. (AE-6513)
Johnston de F. Whitman, Jr., Esq. (JW-5781)
Richard W. Gonnello, Esq. (RG-7098)
Jordan A. Cortez, Esq. (JC-4121)
Laura J. Babcock, Esq. (LB-3198)
ENTWISTLE & CAPPUCCI LLP
280 Park Avenue
26th Floor West
New York, New York 10017
Telephone: (212) 894-7200

Andrew L. Barroway, Esq.
David Kessler, Esq.
Darren J. Check, Esq.
Sean M. Handler, Esq.
SCHIFFRIN BARROWAY TOPAZ
    & KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone (610) 667-7706

Attorneys for Plaintiffs Public Employees'
Retirement Association of Colorado, Tennessee
Consolidated Retirement System, Sjunde AP-
Fonden, Fjärde AP-Fonden, and Pensionskassernes
Administration A/S

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

    A.    All Relevant Documents Under The PSLRA ................................................................2

    B.    All Documents Relevant To Any Official Proceeding Under Sarbanes-Oxley.................3

FACTUAL BACKGROUND....................................................................................................... 3

ARGUMENT ................................................................................................................................ 5

THE DOCUMENT PRESERVATION PROVISIONS OF THE PSLRA AND SARBANES-OXLEY EXTEND TO ALL PARTIES AND RELATED ENTITIES .......................................... 5

    A.    The Relevant Provisions Of The PSLRA And Sarbanes-Oxley.....................................5

        1.    The PSLRA Document Preservation Provision...........................................5

        2.    The Sarbanes-Oxley Preservation Provisions..............................................6

    B.    The Related Entities, Through Their Relationships With The Defendants, Possess And Control Documents And ESI That Could Be Destroyed In The Ordinary Course ............................................................................................................................7

    C.    The Related Entities Are Subject to the PSLRA And Sarbanes-Oxley Provisions ..........9

CONCLUSION............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Cases**

*Afros S.P.A. v. Krauss-Maffei Corp.*,
 113 F.R.D. 127 (D. Del. 1986) .................................................................................................. 10

*American Angus Ass'n v. Sysco Corp.*,
 158 F.R.D. 372 (W.D.N.C. 1994) ............................................................................................. 10

*Asset Value Fund Ltd. P'ship. v. Find/SVP, Inc.*,
 No. 97 Civ. 3977, 1997 U.S. Dist. LEXIS 14304 (LAK) (S.D.N.Y. Sept. 19, 1997) ................ 9

*China Ocean Shipping Group Co. v. Simone Metals, Inc.*,
 No 97 C 2694, 1999 U.S. Dist. LEXIS 16264 (N.D. Ill. Sept. 30, 1999) ................................ 10

*Cohn v. Taco Bell Corp.*,
 No. 92C5852, 1985 U.S. Dist. LEXIS 12645 (N.D. Ill. Aug. 30, 1995) ................................... 9

*Danis v. USN Communs., Inc.*,
 No. 98 C 7482, 2000 U.S. Dist. LEXIS 16900 (N.D. Ill. Oct. 20, 2000) .................................. 9

*Gervis v. Berg*,
 No. 00-CV-3362 (JS)(EBT), 2005 U.S. Dist. LEXIS 33442 (E.D.N.Y. Oct. 20, 2005) ........... 7

*In re Grand Casinos, Inc. Sec. Litig.*,
 988 F. Supp. 1270 (D. Minn. 1997) ..................................................................................... 7, 8

*In re Triton Energy Ltd., Secs. Litig.*,
 No. 5:98CV256, 2002 U.S. Dist. LEXIS 4326 (E.D. Tex. March 7, 2002) .............................. 9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
 229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................................................... 5

*Uniden Am. Corp. v. Ericsson Inc.*,
 181 F.R.D. 302 (M.D.N.C. 1998) ............................................................................................ 10

*United States v. Philip Morris USA, Inc.*,
 327 F. Supp. 2d 21 (D.D.C. 2004) ............................................................................................. 8

*Wiginton v. CB Richard Ellis*,
 No. 02 C 6832, 2003 U.S. Dist. LEXIS 19128 (N.D. Ill. Oct. 27, 2003) .................................. 8

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ............................................................................................................ 5
15 U.S.C. § 78u-4(b)(3)(C) ............................................................................................................ 1
15 U.S.C. § 78u-4(b)(3)(C)(i) ........................................................................................................ 5
15 U.S.C. § 78u-4(b)(3)(C)(i). ....................................................................................................... 5
15 U.S.C. §§ 78u-4(b)(3)(B) .......................................................................................................... 7
18 U.S.C. § 1512(c) .................................................................................................................. 3, 6

18 U.S.C. § 1512(f) (2003) ................................................................................................... 7

18 U.S.C. § 1519 (2003) ........................................................................................................ 6

18 U.S.C. § 1520(b) (2003) .................................................................................................... 6

18 U.S.C. §§ 1519-20 (2005) ................................................................................................. 1

78u-4(b)(3)(C)(i) (2005) ........................................................................................................ 7

**Other Authorities**

Richard A. Rosen & Daniel J. Kramer, *Analysis & Perspective A Litigator's Perspective On Sarbanes-Oxley: An Assessment Of Some Key Issues*, Vol. 35, No.4 Bureau of National Affairs at 147 (Jan. 27, 2003) ....................................................................... 6

**Rules**

Fed. R. Civ. P. 26 .................................................................................................................. 9

Fed. R. Civ. P. 26(b)(1) ......................................................................................................... 9

Fed. R. Civ. P. 34 ................................................................................................................ 10

Fed. R. Evid. 401 .................................................................................................................. 3

Plaintiffs Public Employees' Retirement Association of Colorado, Tennessee Consolidated Retirement System, Sjunde AP-Fonden, Fjärde AP-Fonden, and Pensionskassernes Administration A/S (collectively, the "Global Pension Funds"), on behalf of themselves and a class (the "Class") of all others similarly situated, by their undersigned counsel, respectfully submit this Memorandum of Law (the "Memorandum") in support of their Motion for an order requiring the preservation of all relevant documents and electronically stored information ("ESI"), pursuant to Section 21D(b)(3)(C) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(C) (the "PSLRA"), as well as Sections 802 and 1102 of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley")[1].

## PRELIMINARY STATEMENT

The defendants in the Actions knowingly and/or recklessly made a series of materially false and misleading statements and omissions of material fact during the period from January 2, 2004 to November 21, 2007 (the "Class Period") concerning: (1) Citigroup Inc.'s ("Citigroup" or the "Company") exposure to losses based upon the Company's creation and/or sponsorship of numerous off-balance sheet Variable Interest Entities ("VIEs") relating to the sale of mortgage-backed securities; and (2) Citigroup's use of undisclosed liquidity puts and other credit enhancement devices in connection with the "sales" of its collateralized debt obligations.

This request is made in order to require the entities related to Citigroup, such as the VIEs,[2] themselves, and other defendants, including, but not limited, to all related affiliates,

---

[1] 18 U.S.C. §§ 1519-20 (2005).

[2] To the best of counsel's knowledge, the VIEs at issue include the following Related Entities: (1) Beta Finance Corp.; (2) Centauri Corp; (3) Dorada Corporation; (4) Five Finance Corp.; (5) Sedna Fin. Corp.; (6) Vetra Finance Corp.; and (7) Zela Finance Corp. To the extent additional VIEs exist, the motion is intended to capture those Related Entities as well.

predecessors, subsidiaries, divisions, entities, and persons under the control of Citigroup (collectively, the "Related Entities") to preserve all documents and ESI in their possession, custody, or control which are relevant to the allegations set forth in the complaints filed in the above captioned actions (and any consolidated amended pleading) (the "Actions"). These documents and ESI include, but are not limited to, work papers, memoranda, correspondence, communications, and records (including email).

The loss or destruction of documents in connection with the ordinary course of the Related Entities' businesses is a real and immediate threat to the efficient prosecution of these proceedings. Under these circumstances, documents and other evidence that are critical to this litigation are likely to be lost, destroyed, or otherwise disposed of.

The PSLRA and Sarbanes-Oxley offer certain protections, but they are untested in circumstances where, as here, non-party entities under a defendant's control may have information that directly relates to the fraud at issue.

Accordingly, the Global Pension Funds request that the Court assure the orderly and efficient prosecution of this case by providing that all documents relevant to these proceedings be preserved whether in the possession, custody, or control of the defendants themselves or Related Entities. The scope of the documents to be preserved here is as follows:

  **A.**  **All Relevant Documents Under The PSLRA**

As set forth below in the Argument Section A(1) below, the PSLRA requires all parties with actual notice of the allegations set forth in the operative complaint to preserve documents that are relevant to such allegations. Here, the Global Pension Funds seek an Order requiring the Related Entities to preserve all documents relevant to the allegations set forth in the operative complaint. "Relevant" documents and electronically stored information includes those that have any tendency to make the existence of any fact that is of consequence to the determination of this

2

action more probable or less probable than it would be without such documents.  *See* Fed. R. Evid. 401.

### B.     All Documents Relevant To Any Official Proceeding Under Sarbanes-Oxley

As part of the relief sought herein, the Global Pension Funds further request that the Court confirm that the defendants and Related Entities in this action are required to comply with the document preservation provisions set forth in Sections 802 and 1102 of Sarbanes-Oxley. Pursuant to Section 1102, "[w]hoever corruptly (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability *for use in an official proceeding*; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1512(c) (emphasis added).  The Global Pension Funds request the preservation of all records relevant to the current official proceeding, including, but not limited to, work papers, drafts, memoranda, correspondence, communications, and other records.

### FACTUAL BACKGROUND

During the Class Period, the defendants knowingly and/or recklessly made a series of materially false and misleading statements and omissions of material fact concerning Citigroup's exposure to losses based upon the Company's creation and/or sponsorship of numerous off-balance sheet VIEs relating to the sale of mortgage-backed securities. Citigroup's VIEs included collateralized debt obligations, structured investment vehicles, asset-backed commercial paper, conduits, and other "structured finance" vehicles.  Despite Citigroup's implicit and explicit obligations to provide liquidity and other services to its VIEs, the defendants failed to disclose such obligations and further failed to account properly for the VIEs.  Indeed, at the heart of

Citigroup's omissions is its contention that it did not in fact control these VIEs during the Class Period.

As the defendants began to disclose the truth regarding Citigroup's exposure to risks associated with its VIEs, the price of Citigroup common stock declined in a series of material steps from $47.10 per share on October 1, 2007 to $30.73 per share on November 21, 2007 as the market digested the true facts. Each such disclosure removed a portion of the artificial inflation in the price of Citigroup's common stock and directly caused Plaintiffs and the other members of the Class to suffer sizeable damages. At the end of the Class Period, Citigroup's common stock had declined by $25.68 (46%) per share from its Class Period high of $56.41, representing an erasure of $122 billion in market capitalization. Based upon Defendants' fraud alleged herein, Citigroup's common stock was the worst performing stock in the Dow Jones Industrial Average for 2007.

Moreover, during the Class Period and continuing currently, many regulatory and governmental bodies, including the United States Securities and Exchange Commission, the United States Department of Justice, the Financial Industry Regulatory Board, Inc., and other regulatory bodies, began to demand that Citigroup produce certain relevant documents and ESI based upon the facts and circumstances that gave rise to these Actions. The Global Pension Funds seek preservation of these documents and ESI as well as other relevant documents and ESI that have not been produced, but are nevertheless relevant to these Actions.

**ARGUMENT**

**THE DOCUMENT PRESERVATION PROVISIONS OF THE PSLRA AND SARBANES-OXLEY EXTEND TO ALL PARTIES AND RELATED ENTITIES**

    A.    **The Relevant Provisions Of The PSLRA And Sarbanes-Oxley**

              1.    **The PSLRA Document Preservation Provision**

Section 21D(b)(3)(B) of the Exchange Act provides for a stay of discovery during the pendency of any motion to dismiss unless the court should find upon motion that such discovery is necessary to preserve evidence or to prevent undue prejudice on the moving party. 15 U.S.C. § 78u-4(b)(3)(B) (2005). Further, Section 21D(b)(3)(C)(i) of the Exchange Act, entitled "Preservation of Evidence," states:

> [d]uring the pendency of any stay of discovery pursuant to [Section 21D(b)(3) of the PSLRA], unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i) (2005); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004) (noting that, under the PSLRA, "the preservation of evidence in the possession of the parties is statutorily automatic") (citation omitted). While the stay of discovery protects Related Entities from discovery during the pendency of a motion to dismiss, there is no statutory requirement under the PSLRA that states a Related Entity must preserve evidence as discussed above. *See* Argument Section C below.

5

**2.    The Sarbanes-Oxley Preservation Provisions**

According to the legislative history of Sarbanes-Oxley, the purpose of the Act was to "address the systemic and structural weaknesses affecting U.S. capital markets which were revealed by repeated failures of audit effectiveness and corporate financial and broker-dealer responsibility" in the months and years preceding its enactment.  S. Rep. No.107-205, at 2 (2002).  In light of the massive document destruction by Arthur Andersen LLP during the wake of Enron Corporation's collapse, Congress voted to send a clear and forceful message concerning the consequences of conduct that obstructs judicial proceedings.  Richard A. Rosen & Daniel J. Kramer, *A Litigator's Perspective On Sarbanes-Oxley: An Assessment Of Some Key Issues*, Vol. 35, No.4 Bureau of National Affairs at 147 (Jan. 27, 2003).  Accordingly, Section 802 of the Act sets forth criminal penalties for the destruction, alteration, or falsification of records in Federal investigations and bankruptcy.  18 U.S.C. § 1519 (2005).  This section also sets forth penalties for the destruction of corporate audit records by anyone who "knowingly and willfully violates" the specific provisions of the Act concerning document preservation or any rules and regulations promulgated thereunder by the SEC.  18 U.S.C. § 1520(b) (2005).

Moreover, Section 1102 of Sarbanes-Oxley provides an even broader basis for document preservation in connection with "official proceedings."  Specifically, the Act provides that "[w]hoever corruptly (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability *for use in an official proceeding*; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both."  18 U.S.C. § 1512(c) (2005) (emphasis added).  For the purposes of this section, "(1) an official proceeding need not be pending or about to be instituted at the time of the

6

offense; and (2) the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege." *Id.* at § 1512(f) (2005).

  **B.**  **The Related Entities, Through Their Relationships With The Defendants, Possess And Control Documents And ESI That Could Be Destroyed In The Ordinary Course**

  The Global Pension Funds have focused their Motion on Related Entities that have an affiliation with the defendants. The Related Entities possess and control documents that reflect defendants' knowledge of the true value and risk of the VIEs relating to the sale of mortgage-backed securities during the Class Period.

  The PSLRA acknowledges that there is a need to protect relevant documents and evidence in the possession of parties by serving notice, in spite of the PSLRA's own discovery stay. *See* 15 U.S.C. §§ 78u-4(b)(3)(B), 78u-4(b)(3)(C)(i) (2005). This preservation of documents serves to fulfill Congress' intent in passing the PSLRA, namely, the maintenance of the status quo. *See In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997) ("Congress' intent [through allowing a judicial reprieve from the PSLRA's discovery stay] was to preserve the status quo, pending a judicial determination of the legal sufficiency of a private Federal securities class action."); *see also Gervis v. Berg*, No. 00-CV-3362 (JS)(EBT), 2005 U.S. Dist. LEXIS 33442, at *8-9 (E.D.N.Y. Oct. 20, 2005) ("The PSLRA also provides that 'during the pendency of any stay of discovery . . . any party to the action with actual notice of the allegations contained in the complaint shall treat all documents . . . that are relevant to the allegations, as if they were the subject of a continuing request for production of documents for the opposing party under the Federal Rules of Civil Procedure.") (citations omitted). Congress' intent would be ignored if the Related Entities were allowed to destroy or purge documents and other evidence in their possession related to this case, and thereby destroy the status quo.

The documents and other evidence that are relevant to the facts and circumstances detailed in the complaint that the Global Pension Funds filed with the Court on January 7, 2008, many of which are possessed by the Related Entities (particularly the VIEs), could be destroyed pursuant to their document retention policies absent a court order.

In *Grand Casinos*, the court agreed with lead plaintiff that since the conduct giving rise to class claims commenced three years earlier, there was a relevant concern regarding the destruction of the evidence in the normal course of business by non-parties. *Grand Casinos*, 988 F. Supp. at 1272. Courts have been faced with several instances where entities like the Related Entities have had internal policies to destroy or purge paper and electronic documents after time periods much shorter than those involved in this case. *See United States v. Philip Morris USA, Inc.*, 327 F. Supp. 2d 21 (D.D.C. 2004) (defendant retention policy included deletion of electronic mail after sixty days, destroying crucial evidence); *Wiginton v. CB Richard Ellis, Inc.*, Case No. 02 C 6832, 2003 U.S. Dist. LEXIS 19128, at *7 (N.D. Ill. Oct. 24, 2003) (defendant's policy was the following: "data is backed up on a daily basis Monday through Thursday, on a weekly basis on Friday, and on a monthly basis on the last day of each month. Daily data tapes are overwritten on a daily basis, weekly tapes are maintained for one month before they are overwritten, and monthly tapes are retained for one year before they are rewritten").

The Global Pension Funds are unaware of the Related Entities' document retention policies, but given Citigroup's position that it did not control the VIEs during the Class Period, it is easy to see that the Related Entities are likely destroying and purging each day on a rolling basis documents integral to these proceedings. It is crucial that this Court promote Congress' intent and maintain the status quo by granting the relief sought so that such destruction ceases immediately and does not result in any further prejudice of the Global Pension Funds and other

8

Class members. *See Asset Value Fund Ltd. P'ship. v. Find/SVP, Inc.*, No. 97 Civ. 3977, 1997 U.S. Dist. LEXIS 14304 (LAK), at *1 (S.D.N.Y. Sept. 19, 1997) (finding that the PSLRA mandated preservation because the imposition of the discovery stay may increase the likelihood that relevant evidence would be lost).

### C.     The Related Entities Are Subject to the PSLRA And Sarbanes-Oxley Provisions

In addition to parties, the PSLRA and Sarbanes-Oxley preservation provisions require entities related to such parties to preserve documents. *See*, *e.g.*, *In re Triton Energy Ltd. Secs. Litig.*, 5:98CV256, 2002 U.S. Dist. LEXIS 4326, at *16 (E.D. Tex. March 7, 2002) (where court held that the preservation duty applies to non-party outside directors of defendant corporation as well as the corporation itself). As the court held in *Triton*, non-party entities related to the defendants have a duty to preserve documents upon "actual notice." *Triton*, 2002 U.S. Dist. LEXIS 4326 at *16. Courts have held that requisite notice may be found upon the filing of a complaint. *See Danis v. USN Communs., Inc.*, No. 98 C 7482, 2000 U.S. Dist. LEXIS 16900, at *99 (N.D. Ill. Oct. 20, 2000) ("the complaint itself may also alert a party that certain information is relevant and likely to be sought in discovery") (citing *Cohn v. Taco Bell Corp.*, No. 92C5852, 1985 U.S. Dist. LEXIS 12645, at *14-15 (N.D. Ill. Aug. 30, 1995)).

As further stated in *Triton*, the PSLRA's document preservation requirement is coextensive with the "common law duty not to spoil documents (in hard copy or electronic form) that might be discoverable in [the] litigation." *Triton*, 2002 U.S. Dist. LEXIS 4326, at *16. "The scope of the duty to preserve is a broad one, commensurate with the breadth of discovery permissible under Fed. R. Civ. P. 26."[3] *Danis,* 2000 U.S. Dist. LEXIS 16900 at *98 (citing

---

[3] Fed. R. Civ. P. 26(b)(1) states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of

9

*China Ocean Shipping Co. v. Simone Metals, Inc.*, No. 97 C 2694, 1999 U.S. Dist. LEXIS 16264, at *12 (N.D. Ill. Sept. 30, 1999) ("The duty to preserve evidence includes any relevant evidence *over which the non-preserving entity had control* and reasonably knew or could reasonably foresee was material to a potential legal action.") (emphasis added).

Relevant documents in the possession of entities controlled by a party are discoverable under Rule 26. Because such documents are discoverable, they are also subject to preservation. "When documents are sought from an affiliated corporation, the issue becomes whether those documents are under the control of the party." *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 305 (M.D.N.C. 1998). "[C]ourts have defined 'control' to include both the legal right to control the company and the actual ability." *Id.* A seminal case in this area is *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127 (D. Del. 1986). In deciding the issue of control under Fed. R. Civ. P. 34, the Court first examines the legal right of control. A litigating parent corporation has control over documents in the physical possession of its subsidiary corporation where the subsidiary is wholly owned or controlled by the parent. *Id.* (citing *American Angus Ass'n v. Sysco Corp.*, 158 F.R.D. 372, 375 (W.D.N.C. 1994)). When the issue is whether a party has control over documents in the possession of an affiliated company, courts look at several factors to determine "control." *Uniden*, 181 F.R.D. at 306. Documents in the possession of one corporation may be deemed in the control of another corporation and thus subject to discovery under certain circumstances. These circumstances include: (1) commonality of ownership; (2) exchange or intermingling of directors, officers, or employees of the two corporations; (3) exchange of documents between the two corporations in the ordinary course of business; (4) any

---

any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

10

benefit or involvement by the non-party corporation in the transaction; and (5) involvement of the non-party in the litigation. *Id.*

Since the parties included in the Related Entities are all related affiliates, predecessors, subsidiaries, divisions, entities, and persons under the control of Citigroup, the "commonality of ownership" prong is met, meaning documents or ESI held by such Related Entities are under the control of Defendants. *Id.* Moreover, such documents and ESI relevant to the present litigation are required to be preserved prior to their production. Accordingly, the Court's order should require the Related Entities as well as the Defendant to preserve documents and ESI relevant to the litigation.

## CONCLUSION

Upon the foregoing, the Global Pension Funds ask that this Court assure the orderly and efficient prosecution of this litigation by directing all Related Entities to preserve all documents and ESI as provided for in the [Proposed] Order filed herewith.

Dated: January 7, 2008

Respectfully,

ENTWISTLE & CAPPUCCI LLP

_____
Andrew J. Entwistle, Esq. (AE-6513)
Johnston de F. Whitman, Jr., Esq. (JW-5781)
Richard W. Gonnello, Esq. (RG-7098)
Jordan A. Cortez, Esq. (JC-4121)
Laura J. Babcock, Esq. (LB-3198)
280 Park Avenue
26th Floor West
New York, New York 10017
Telephone: (212) 894-7200

Andrew L. Barroway, Esq.
David Kessler, Esq.
Darren J. Check, Esq.
Sean M. Handler, Esq.

SCHIFFRIN BARROWAY TOPAZ
    & KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone (610) 667-7706

Attorneys for Plaintiffs Public Employees'
Retirement Association of Colorado, Tennessee
Consolidated Retirement System, Sjunde AP-
Fonden, Fjärde AP-Fonden, and Pensionskassernes
Administration A/S

12